[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## WALTON and Another *against* WEST.

### APPEAL.

1. The date of the sheriff's sale is the time to which all liens, entitled to payment out of the proceeds, are to be computed.

2. Therefore, where a lot subject to a ground-rent is sold at a sheriff's sale, the ground-rent accruing after the date of the sale, is not to be paid out of the proceeds, but must be paid by the purchaser, although he may not receive his deed for a considerable period of time in consequence of the pendency of a motion to set aside the sale.

THIS was an appeal by James Brown from a decree of the District Court for the City and County of Philadelphia, distributing the proceeds of a sheriff's sale of certain real estate, sold by virtue of a writ of *venditioni exponas*, in an action brought in that Court by Lewis Walton and Henry Hill, trading under the firm of Walton & Hill, against Joseph West.

The property sold by the sheriff consisted of a messuage and lot of ground, which was subject to a ground-rent of $146 66 per annum. The sale took place on the 23rd of September, 1835. On the return of the writ a motion was made on the part of the defendant to set aside the sale. This motion was argued at a subsequent period, and on the 26th of April, 1836, the Court refused it, and confirmed the sale. In the meantime, six months' ground-rent amounting to $73 33 fell due, and application was made in the name of the holder of the ground-rent, to the use of the purchaser at the sheriff's sale, for payment of this amount out of the fund in Court. After argument, the District Court denied the application, and an appeal was taken to this Court.

The refusal to allow this claim for the six months' ground-rent, was the error assigned.

Mr. *St. G. T. Campbell*, for the appellant, cited *Hawk* v. *Stouch*, (5 *Serg. & Rawle*, 157.) *Hall* v. *Benner*, (1 *Penn. Rep.* 409.)

(Walton *v.* West.)

*Scheerer* v. *Stanley*, (2 *Rawle*, 276.)     *Bank of Pennsylvania* v. *Wise*, (3 *Watts*, 394.)

Mr. *Price, contra,* cited *Scott* v. *Greenough*, (7 *Serg. & Rawle*, 197.)    *Negley* v. *Stewart*, (10 *Serg. & Rawle*, 207.)    *Holdship* v. *Doran*, (2 *Penn. Rep.* 9.)    *Shaupe* v. *Shaupe*, (12 *Serg. & Rawle*, 13.)    *Stulzfoos's appeal*, (3 *Penn. Rep.* 268.)    *Beetim* v. *Buchanan*, (4 *Watts*, 62.)    *Commonwealth* v. *Gleim*, (3 *Penn. Rep.* 417.)

The opinion of the Court was delivered by

SERGEANT, J.—On a sheriff's sale of land by execution, the date of the sale is the point of time to which all the lien debts are to be computed. This principle has been uniformly acted upon in practice, probably from the earliest times, and many large sums of purchase-money have been distributed in pursuance of it, by Courts, sheriffs, and auditors, without a question being raised on the subject. When the land is sold and converted into money, that money is placed in the custody of the law, by being in the hands of the sheriff, or of the prothonotary of the Court, till distribution, and in the meantime receives no augmentation by interest or otherwise. On the other hand, by the express directions of the old act of 1700, subjecting lands to sale on execution, the judgment creditor is allowed interest for no longer time than the date of sale : for the second section provides, that lawful interest shall be allowed to the creditor, for the sum or value he obtained judgment for, from the time the judgment was obtained *till the time of sale,* or till satisfaction made.

Ground-rents stand on no better footing than judgments in this respect. They come in upon the same principle, namely, as liens on the land, wherever there is a right of distress and re-entry reserved in the deed, as was first decided by President BIDDLE in the case of *Potts* v. *Rhodes*, reported in 2 *Binney*, 148, note. *Pari ratione* ground-rents accruing after the sale, are not entitled to be paid out of the fund. If they were so entitled, they might, in some cases of delay by the purchaser in receiving the sheriff's deed, exhaust the fund, and in all cases more or less diminish it. It would make it the interest of the purchaser to create delay in receiving his deed, in order to exempt the land he had purchased from the payment of the subsequent rent by the application of the purchase-money to that purpose.

The argument that the purchaser's title to the land does not vest till he receives the sheriff's deed acknowledged, has no connection with the question of distribution of the fund amongst the lien creditors. If the purchaser sustains a loss by the delay of the deed, and by being thus kept out of the possession of the land, or the receipt of rent, in the intermediate time, whilst the ground-rent still runs on, this is the result of the necessary delay in preparing, acknowledging

(Walton *v.* West.)

and receiving a sheriff's deed. It is one of the risks which the purchaser runs, and which he must calculate in making his bid. It cannot change the rights of the lien creditors in the distribution of the money, as they stood at the time of the sale. That date closes the accounts between the lien creditors and the debtor, so far as respects the fund raised: the money is by the sale substituted for the land. The land is discharged of all debts on existing liens, and not from debts subsequently accruing. The fund is answerable in its stead for the former, and not for the latter.

Judgment affirmed.